# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| OLIREI INVESTMENTS, LLC | |
| Plaintiff, | Civil Action No. 18-524 (SRC) |
| v. | **OPINION & ORDER** |
| LIBERTY MUTUAL INSURANCE COMPANY AND OHIO CASUALTY INSURANCE COMPANY | |
| Defendants. | |

**CHESLER**, District Judge

  This matter comes before the Court upon the filing by Defendant Liberty Mutual Insurance Company ("Liberty") and Defendant Ohio Casualty Insurance Company ("Ohio Casualty," collectively "Defendants") of a motion for judgment on the pleadings as to the bad faith claim by Plaintiff Olirei Investments, LLC ("Plaintiff") and a motion to sever and stay Plaintiff's bad faith claim (Docket No. 11). Plaintiff opposes this motion (Docket No. 12), and Defendants have submitted a reply brief (Docket No. 13). The Court has reviewed the parties' submissions and proceeds to rule without oral argument. See Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion is granted.

  **I. Factual and Procedural Background**

  Plaintiff is an LLC that entered into an insurance policy with Defendants to insure its principal place of business. The policy covered the period from August 24, 2016 to August 24, 2017. Docket No. 1-1 (Plaintiff's Complaint, "Compl." ¶ 8). In February 2017, a managing member of Plaintiff visited the insured property and discovered that "the entire basement floor

1

had been flooded and was covered with water." Compl. ¶ 12. By letter dated March 31, 2017, Defendants denied coverage for the ensuing water damage, stating that it resulted from either freezing pipes or "wear and tear," neither of which Defendants contend is covered by the insurance policy. Compl. ¶¶ 46-50. By letter dated August 18, 2017, counsel for Plaintiffs wrote to Defendants, stating that Defendants "offered no credible basis or evidence to support its denial" and that they "had failed to investigate alternative causes of the water leak, including the possibility that an intruder had entered the Building and turned the water on." Compl. ¶ 56. In response, counsel for Defendants responded by letter dated September 15, 2017, that the claim had been denied due to "water leaking from a frozen pipe." Compl. ¶ 57.

In November 2017, Plaintiffs filed a first party insurance coverage suit against Defendants in New Jersey Superior Court, alleging two causes of action. Plaintiffs allege that Defendants breached the operative insurance contract by denying coverage for the water leak, and additionally that Defendants acted in bad faith in making the claim determination. To support the bad faith claim, Plaintiffs cite the post-denial August 18 letter from Plaintiff's counsel and the September 15 response letter from counsel for Defendants. Specifically, Plaintiffs allege that that Defendants "intentionally and willfully contrived an unsupported basis for denying the Claim" because the September 15 letter from Defendants' counsel allegedly contains numerous falsehoods "in furtherance of [Defendants'] effort to support denial of the Claim." Compl. ¶¶ 60-68, 83.

On January 12, 2018, Defendants removed the suit to this District on the basis of diversity jurisdiction. In the motion at bar, Defendants argue that judgement as a matter of law should be granted on the bad faith claim, since the complaint relies on communications by Defendants' counsel that post-date the March 31, 2017 coverage denial. Docket No. 11-2, 7-8. In

2

response, Plaintiffs argue that the post-denial communication by counsel for Defendants "merely articulates and confirms th[e] bad faith" that existed when the claim was denied. Docket No. 12-3, 8.

## II. Legal Standard

### a. Motion for Judgment on the Pleadings

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). In such a motion, the moving party may raise the grounds that the pleading fails to state a claim upon which relief may be granted (see Fed. R. Civ. P. 12(h)(2)), in which case the Rule 12(c) motion is governed by the same standard of review as a Rule 12(b)(6) motion. Turbe v. Gov't of the V.I., 938 F.2d 427, 428 (3d Cir. 1991). That is, to survive the motion for judgment on the pleadings, the complaint must contain "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard is satisfied where the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In considering the Rule 12(c) motion, the court must view "the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff." D.E. v. Cent. Dauphin Sch. Dist., 765 F.3d 260, 271 (3d Cir. 2014) (internal citations omitted). Judgment as a matter of law under Rule 12(c) is not appropriate "unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005). At the Rule 12(c)

stage, a court "court generally considers only the complaint, any attached exhibits, documents relied upon in the complaint, matters of public record, and any indisputably authentic documents." Hlista v. Safeguard Properties, LLC, 649 F. App'x 217, 218 (3d Cir. 2016) (internal citations omitted)

**III.  Discussion**

New Jersey law imposes an implied obligation of good faith and fair dealing on all contracts, which includes a duty of good faith for insurance companies when processing first-party claims. Badiali v. New Jersey Mfrs. Ins. Grp., 220 N.J. 544, 553 (N.J. 2015). Where the insurance company denies coverage in bad faith, the plaintiff may accordingly assert a claim for violation of this good faith duty that is distinct from the underlying claim. Tarsio v. Provident Ins. Co., 108 F. Supp. 2d 397, 401 (D.N.J. 2000). To make this derivative bad faith claim, the insured plaintiff must show "the absence of a reasonable basis for denying benefits of the policy" and that the insurance company knew or recklessly disregarded the "lack of a reasonable basis for denying the claim." Pickett v. Lloyd's, 131 N.J. 457, 473 (N.J. 1993).

An insurance company does not act in bad faith if the plaintiff's insurance claim was "fairly debatable." Unless the plaintiff can establish a right to summary judgment on the underlying cause of action, the insurance coverage denial is considered "fairly debatable" and the court must dismiss the bad faith claim. Tarsio, 108 F. Supp. 2d at 401. As such, if the court determines that genuine issues of material fact preclude summary judgment on plaintiff's underlying cause of action—i.e. plaintiff's entitlement to insurance benefits—it must dismiss as a matter of law the bad faith claim. Id. at 401; see also Hudson Universal, Ltd. v. Aetna Ins. Co., 987 F. Supp. 337, 341 (D.N.J. 1997).

4

Plaintiff's bad faith claim will only survive Defendants' motion for judgment on the pleadings if the complaint plausibly demonstrates, accepting all the factual allegations as true, that the denial lacked any "reasonable basis" and that Defendants knew or recklessly disregarded this fact. To support its claim for bad faith, Plaintiff alleges that Defendants (1) "intentionally and willfully contrived an unsupported basis for denying the Claim" (Compl. ¶ 83); (2) "willfully and intentionally misrepresented their communications with Garner and Olirei" (Compl. ¶ 84); and (3) "falsely accused Garner of failing to preserve evidence of the water penetration after having been requested to do so." Compl. ¶ 85.

These factual allegations concerning bad faith appear largely predicated on statements contained in the September 15, 2017 letter by counsel for Defendants. The allegation that Defendants "falsely accused Garner of failing to preserve evidence of the water penetration" (Compl. ¶ 85) derives solely from the September 15 letter. See Compl. ¶ 65. ("the [September 15, 2017] Cossolini letter falsely implies that Garner and/or Olirei purposefully destroyed or disposed of pipe associated with the water infiltration after being asked to preserve such pipe"). Similarly, the allegation regarding willful misrepresentation of communications with Garner and Olirei appears predicated on allegedly false statements contained in the September 15 letter. See Compl. ¶ 63 ("The Cossolini Letter states, falsely, that Garner advised White on March 2, 2017 that 'no work had yet been done on the building.'"). Finally, Plaintiff's allegation that Defendants acted in bad faith when they "willfully contrived an unsupported basis" appears largely, although perhaps not entirely, predicated on alleged falsehoods contained in the September 15 letter. See, e.g. Compl. ¶ 58 ("The Cossolini Letter stated, incorrectly, that . . ."); Compl. ¶ 60 ("The Cossolini letter stated, falsely, that . . . "); Compl. ¶ 65 ("The Cossolini Letter inaccurately suggests that . . .").

5

To the extent that Plaintiff's bad faith claim rests on statements by Defendants' counsel contained in the September 17, 2017 letter, this Court will dismiss the cause of action as deficient as a matter of law. This letter, sent approximately six months after the Defendants' had denied coverage, cannot support Plaintiff's bad faith claim. First, certain of Plaintiff's allegations—regarding "willful[] and intentional[] misrepresent[ations]" and "false[] accus[ations]" contained in the post-denial letter—do not support a claim for bad faith insurance denial under New Jersey law. Specifically, bad faith insurance denial does not comprise <u>any and all</u> alleged misconduct by Defendants, such as the "false accusations" regarding the failure to preserve evidence of the water penetration. Compl. ¶ 85. Rather, Plaintiff's claim for bad faith coverage denial may only be supported by factual allegations concerning whether Defendants lacked a reasonable basis for denying coverage.

More broadly, Plaintiff's allegations about misrepresentations, falsehoods, and other indicia of bad faith from the September letter cannot support a claim for bad faith coverage denial because the August and September letters, sent between counsel for Plaintiff and Defendants respectively, were exchanged well after Defendants had denied coverage. Plaintiff's bad faith claim fundamentally turns on whether or not Plaintiff had coverage from Defendants at the time the accident occurred. As a matter of law, the bad faith claim may <u>only</u> proceed if this Court could grant Plaintiff summary judgment on the underlying claim.

It is of no moment what alleged mischaracterizations or misrepresentations counsel for Defendants made in September, because such allegations have no bearing on whether Plaintiff's insurance policy, as it existed between the parties in March 2017, covered the water damage from the accident. Instead, only factual allegations that address whether or not Defendants lacked a reasonable basis for denying coverage in March 2017 may support Plaintiff's bad faith claim.

As such, Plaintiff's reliance on such post-denial communications by counsel for Defendants is deficient as a matter of law to support the claim for bad faith insurance denial.

For the forgoing reasons, this Court will grant Defendants' motion for judgment on the pleadings and will dismiss Plaintiff's bad faith claim without prejudice. Additionally, this Court will grant Plaintiff leave to amend the complaint, in order to support the bad faith claim with sufficient factual allegations to plausibly demonstrate that, in or around the time Defendants denied coverage in March 2017, the Defendants knew or recklessly disregarding the lack of a reasonable basis for denying the claim.

### IV. Conclusion

**IT IS** on this 10th day of May, 2018;

**ORDERED** that Defendants' motion for judgment on the pleadings, pursuant to Rule 12(c), as to Plaintiff's claim for bad faith coverage denial is **GRANTED** and the claim is dismissed without prejudice; and further

**ORDERED** that Defendants' motion to sever the bad faith coverage denial pursuant to Rule 21 is **DENIED** without prejudice as moot; and further

**ORDERED** that Plaintiff is granted leave to amend the complaint to cure the deficiencies identified above, and specifically to support the bad faith claim with factual allegations—from in and around the time period that Defendants denied coverage in March 2017—to demonstrate that Defendants knew or recklessly disregarded the absence of a reasonable basis for denying Plaintiff benefits under the policy.

　　　　　　　　　　　　　　　　　　　　  /s Stanley R. Chesler\_\_\_
　　　　　　　　　　　　　　　　　　　　STANLEY R. CHESLER
　　　　　　　　　　　　　　　　　　　　United States District Judge